# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| | | |
|---|---|---|
| D'RENDA MACHETTA,<br>IN THE INTEREST OF M.S., DOUGLES SYZDEK<br><br>*Plaintiffs,*<br><br>v.<br><br>THE HONORABLE LISA A. MILLARD,<br>310TH DISTRICT COURT JUDGE<br><br><br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **United States Courts<br>Southern District of Texas<br>FILED**<br><br>**FEB 22 2017**<br><br>**David J. Bradley, Clerk of Court**<br><br><br>CAUSE NO.: |

PLAINTIFFS' ORIGINAL PETITION                                                                                     1

# PLAINTIFF'S ORIGINAL PETITION

## TABLE OF CONTENTS

PLAINTIFF'S ORIGINAL PETITION .................................................................................................. 2
   TABLE OF CONTENTS ........................................................................................................................ 2
INTRODUCTION .................................................................................................................................. 3
   THE PARTIES ...................................................................................................................................... 3
   JURISDICTION .................................................................................................................................... 3
      *ORIGINAL JURISDICTION* ............................................................................................................. 3
      *CAUSE OF ACTION* ....................................................................................................................... 4
      *INJURY IN FACT* ........................................................................................................................... 4
      *TRACEABILITY* ............................................................................................................................. 8
      *REDRESS OF INJURY* .................................................................................................................... 8
   ABSTENTION ...................................................................................................................................... 9
      *ROOKER-FELDMAN DOCTRINE* ................................................................................................. 9
      *YOUNGER ABSTENTION DOCTRINE* ........................................................................................ 9
      *STATE IMMUNITY* ..................................................................................................................... 10
   BACKGROUND ................................................................................................................................. 12
   JOINDER OF CASES ........................................................................................................................ 13
COMPLAINTS ..................................................................................................................................... 14
   COMPLAINT 1 ................................................................................................................................... 14
      *REQUEST FOR IMMEDIATE INJUNCTION AGAINST PRIOR RESTRAINTS ON SPEECH, WORSHIP, AND ASSOCIATION* ............................................................................................. 14
   COMPLAINT 2 ................................................................................................................................... 15
      *WHAT CONSTITUTIONAL GUARANTEES ARE AFFORDED SPEECH, WORSHIP, AND ASSOCIATION BETWEEN STEP-SIBLINGS* ................................................................................ 15
RELIEF REQUESTED ........................................................................................................................ 15
CERTIFICATION AND CLOSING .................................................................................................... 17
FOR PARTIES WITHOUT AN ATTORNEY .................................................................................... 18
CERTIFICATE OF SERVICE ............................................................................................................ 19

## INTRODUCTION

## THE PARTIES

1) Plaintiff, D'Renda Machetta, mother to minor step-sister, is now and at all times relevant to this Complaint a resident of Spring, County of Harris, and State of Texas. Plaintiff is the mother to M.S. the minor step-sister of two minor children, I.M. and K.M. ("SAPCR Children" herein). I.M. and K.M. are subject to the continuing jurisdiction of the 310th Judicial District Court of Harris County in the State of Texas as a result of a Suit Affecting the Parent-Child Relationship (SAPCR herein).

2) Plaintiff, Dougles Syzdek, step-brother, is now and at all times relevant to this Complaint a resident of Spring, County of Harris, and State of Texas. Plaintiff is the adult step-brother of two minor children, I.M. and K.M. subject to the continuing jurisdiction of the 310th Judicial District Court of Harris County in the State of Texas as a result of a Suit Affecting the Parent-Child Relationship (SAPCR herein).

3) Defendant in her official capacity, The Honorable Lisa A. Millard, is now and at all times relevant to this Complaint a District Judge in the 310th Judicial District Court of Harris County in the State of Texas.

## JURISDICTION

4) **ORIGINAL JURISDICTION:** Plaintiff invokes this court's federal question jurisdiction under Title 28, United States Code, § 1331, and this court's civil rights jurisdiction under Title 28, United States Code, § 1343. All issues brought in these actions are of a federal constitutional nature and are properly within the jurisdiction of this federal district court, see Wise v. Bravo, 666 F. 2d 1332, 1337 (10th Cir. 1981). In the instant case principles of federalism compel federal intervention, see Steffel v. Thompson,

415 US 472, 473, & 475 (Supreme Court 1974), MedImmune, Inc. v. Genentech, Inc., 549 US 772, 773 (Supreme Court 2007), Justice v. Hosemann, 771 F. 3d 291 (5th Cir. 2014), (To establish standing, a plaintiff must show that: (1) he has suffered, or imminently will suffer, a concrete and particularized injury-in-fact; (2) the injury is fairly traceable to the defendant's conduct; and (3) a favorable judgment is likely to redress the injury.)

5) **CAUSE OF ACTION:** Plaintiffs bring causes of action to this court under the 1st, 4th, and 14th Amendments to the United States Constitution; and under Title 28 United States Code, § 2201 and § 2202; Title 42 United States Code, § 1983; and Title 42 United States Code, 1988.

6) **INJURY IN FACT:** Plaintiffs and the SAPCR children are members of a nuclear family who all live together in the same home. Gary Machetta, natural father of the SAPCR children is divorced from their mother. D'Renda Machetta, natural mother of Plaintiff children, is divorced from their father. Gary and D'Renda are married to each other and have established a single household for their combined nuclear family. The family is religious, practices their religion together on a regular basis including formal occasions, and practices prayer as a daily family activity. The Plaintiff children and the SAPCR children have well-established sibling relationships that are constitutionally protected intimate and expressive family relationships of the highest order. (See Exhibit A - D'Renda Machetta Affidavit)

7) Gary Machetta and his ex-wife ("the SAPCR mother" herein) are embroiled in a modification proceeding regarding custody of the SAPCR children and the SAPCR mother made hearsay accusations against the Plaintiff children who are not parties to the SAPCR in any way nor are they subject to the state SAPCR court's personal or subject-

matter jurisdiction. The allegations were in reference to the older of the SAPCR children only and no harm of any kind to the other SAPCR child has been alleged. Judge Millard has issued prior restraints on speech, worship, and association against the Plaintiff children without establishing constitutional authority or jurisdiction to do so. (See Exhibit B - Dougles Syzdek Affidavit)

8) The SAPCR mother made sexual allegations against Dougles and one of the SAPCR minor children. The Texas Department of Family Protective Services (DFPS herein) performed a preliminary inquiry. They twice interviewed the SAPCR child who according to the SAPCR mother had made sexual claims. The child made no claims of a sexual nature at all. DFPS ruled out any sexual harm or neglect of any kind and closed the case. (See Exhibit C – TDFPS Notice of Findings Report).

9) The SAPCR mother also made claims against the minor SAPCR child, that she had shown the older SAPCR child a sexual related website. No evidence exists for this claim other than the SAPCR mother's hearsay testimony and one other person's hearsay testimony.

10) Judge Millard heard a De Novo appeal from Judge Moren's ex parte orders where Judge Millard simply issued new oral temporary orders in the form of an oral NO CONTACT order. This order denies all speech, worship, and association with the Machetta family and the SAPCR children. Judge Millard did not before or after issuing this prior restraint provide any support for this restraint in the record. Judge Millard issued an unsigned written rendition of her temporary order to the parties that included an explicit prior restraint on free speech, worship, and association without making her case for the injunction.

11) The modification action proceeded to trial before written temporary orders were signed. At the day of the trial as a result of placing Gary and his attorney in an impossible situation, on a day of local flooding disaster in Houston, Gary's attorney filed an oral recusal motion against Judge Millard and his staff filed a written motion that was timestamped prior to any testimony taking place. Texas rules of civil procedure require the trial court to stop all proceedings and take no further action in the case until the recusal is ruled on by another judge. Judge Millard proceeded to trial without Gary present and over the objection of Gary's attorney that doing so is against the rule and results in a void proceeding under Texas precedent. Judge Millard issued an unsigned written rendition of her final order that included prior restraints on speech, worship, and association between the Plaintiff children and the SAPCR children.

12) Following the trial, Gary's attorney filed a supplemental recusal motion including the information supporting recusal that only he was privy to. The judge hearing the recusal motion denied the supplemental recusal motion without holding a hearing and failed to make any ruling on whether the trial proceedings were valid or void.

13) Judge Millard signed the temporary orders (See Exhibit F – Temporary Orders) and scheduled an order entry hearing for signing the final orders. (See Exhibit G – Proposed Final Orders) Gary's attorney, filed an objection to the order entry hearing with Judge Millard based on the trial being void. Gary's attorney also filed a motion for reconsideration of the recusal with the recusal judge and requested a ruling on the validity of the trial proceedings going forward when an automatic stay was in place. Judge Millard cancelled the hearing for signing final orders and has stayed all actions pending an order from the recusal judge.

14) The Plaintiff children individually and/or jointly and the SAPCR children have been under an injunction against speech, worship, and association between each other of one kind or another for over 210 days. At no point has any state judge provided findings sufficient to support this prior restraint. The Plaintiff children have not had any opportunity to respond to defend or to object to this invasion of their 1st and 14th Amendment association and privacy rights.

15) The Plaintiff and SAPCR children have suffered court ordered infringements of their fundamental rights without adequate procedural protections for those rights. The Plaintiff and SAPCR children are subject to infliction of a permanent injunction by Judge Millard following a ruling by the recusal judge. If the trial is considered valid then the harm is imminent. If the trial is considered void then the harm is assured following a final trial given Judge Millard's previous actions.

16) The children's rights have been violated by a state court absent an adjudication of rights of any kind. In a SAPCR proceeding between fit parents in Texas, the state presumes authority to infringe the fundamental rights of parents and children without holding an adjudication of rights hearing in any form. The hearings that do take place are purely dispositional hearings where state authority is presumed, and the parties enter evidence to sway the court's predetermined verdict that the state's opinion of a child's best interest will prevail.

17) Judge Millard has not established a compelling state interest or necessity to act on that interest in support of her constitutional jurisdiction to act. Judge Millard has refused to establish which statutes are being used in the proceedings so has not shown a narrowly tailored statute that supports her actions. All of these elements are necessary

before an adjudication of fundamental rights may take place. Judge Millard has issued oral orders and unsigned renditions of orders that are far more restrictive than necessary to protect any of the children even if every allegation brought by the SAPCR mother were proven true, which they were not. Prior restraints on speech, worship, and association based on content as these restraints clearly are, demand least restrictive means be applied in the court's orders.

18) Prior restraints of this type are considered irreparable harm and where they limit close family association are harm to a host of fundamental privacy rights shared between the children and adult members of the family.

19) **TRACEABILITY:** Injuries suffered by the Plaintiff children are directly related to Judge Millard's orders and her failure to provide well-established procedural protections required before ordering prior restraints on speech, worship, or association.

20) **REDRESS OF INJURY:** The injunctive relief is necessary to discontinue further restraint and to prevent further final orders restraining speech, worship, and association. The declaratory judgements will make unambiguously clear to the state district court what procedural protections must be afforded the Plaintiff children before the court may restrain their speech, worship, and association in this manner.

21) Judge Millard has been made fully aware of the federal and state constitutional prohibitions against ordering such prior restraints, including a Texas State Supreme Court opinion in a divorce custody modification proceeding where the trial court issued a prior restraint which the court found to be in error. The Court clearly said that broad grants of judicial power in family law cases, e.g. best interest standard, did not authorize the trial court to infringe constitutional guarantees. Because Judge Millard has

clearly ignored this in context directly on point controlling opinion from the State's highest court in issuing these restraints, Plaintiffs have reason to fear that Judge Millard will ignore this court and continue these unjustified restraints. For this reason, immediate injunctive relief is warranted.

## ABSTENTION

22) Abstention by federal courts is an exceptional action for exceptional situations not a standard mandate. Plaintiffs seek proscriptive declaratory and injunctive relief against future prior restraints on speech, worship, and association only and they do not seek review of any custody orders.[1]

23) **ROOKER-FELDMAN DOCTRINE:** This doctrine asserts that Federal District Courts are NOT appellate courts and cannot hear appeals from state courts. This petition is NOT an appeal and NO issues or state court judgments are presented for appeal.

24) **YOUNGER ABSTENTION DOCTRINE:** "Younger preclude[s] federal intrusion into ongoing state criminal prosecutions." Younger precludes "certain 'civil enforcement proceedings.'" Younger asserts that federal courts should refrain "from interfering with pending 'civil proceedings involving certain orders ... uniquely in furtherance of the state courts' ability to perform their judicial functions.'" This is the full extent and limit to Younger's scope. See Sprint Communications, Inc. v. Jacobs, 134 S. Ct. 584, 591 (Supreme Court 2013), (We have not applied Younger outside these three

---

[1] See generally, Saloom v. Texas Department of Family and Child Protective Services, _____, (5th Circuit 2014) (Case No. 13- 20605)

"exceptional" categories, and today hold, in accord with NOPSI, that they define Younger's scope.)

25) While there are ongoing state civil proceedings related to this petition; they are neither criminal proceedings, nor enforcement matters, nor do they involve furtherance of the state court's ability to perform its judicial functions. Therefore, these proceedings fall outside of Younger's scope.

26) State court's lack any legitimate interest in enjoining speech and have no legitimate authority to order prior restraints on free speech without first making out the court's case for doing so in the record. Judge Millard failed to take this action or to take other actions necessary to protect constitutional guarantees so the relief requested can in no way interfere with any legitimate action of the state court.

27) **STATE IMMUNITY:** Plaintiff is bringing suit against a state court judge in that judge's official capacity as an agent of the state and the relief sought is proscriptive, declaratory, and injunctive. See ex parte Young, 209 US 123, 167 (Supreme Court 1908), (The State cannot in either case impart to the official immunity from responsibility to the supreme authority of the United States.)

28) This case places before this court the important of government structure and the limits of federalism over state judiciaries. The Texas Legislature has granted state judges broad discretion in family law cases. While the Texas Supreme Court in a single case 20 years ago has ruled that this broad discretion does not allow a judge to infringe constitutional guarantees, it is beyond doubt that state judges use this authority to infringe fundamental rights daily. The case at bar is sadly not an exceptional case. Clearly the state judicial system is either unwilling or incapable of holding themselves to the

standard set by their own state Supreme Court. If the federal judiciary continues to grant its state brethren unwarranted deference in family law cases, is our system fundamentally broken? Is there any hope that victims of family court abuses will ever receive constitutional protections afforded other people? Does this unwarranted deference in family law cases, create a sub-class of litigants to whom constitutional protections are denied based on nothing more than the type of state court proceeding they find themselves involved in? Where litigants find themselves in these proceedings because one party made a constitutionally protected choice to dissolve an association, is this class of litigant created by the exercise of a protected associational privacy right?

29) This case is about nothing less than an entire branch of state government acting entirely outside of federal constitutional limitations and receiving protections from doing so based on nothing more than a, possibly ill-conceived, deference to members of a common profession serving in a similar role? Our constitution demands more than a casual dismissal of these questions. It demands nothing less than a deep soul searching inquiry of the human limitations shared by all who wear the robes of justice and of how those unexamined limitations may be causing human suffering on a massive scale.

30) While recognition of the federal judiciary's commitment to our federal system and our federal constitution is well-deserved, perhaps there is significantly less evidence to support the same commitment by the state judiciary, at least in the area of family law. Perhaps, the rational evidentiary case for professional deference is not as strong as our emotional human nature desires it to be.

## BACKGROUND

31) Plaintiffs' step-father is a party to a state SAPCR proceeding styled as <u>In The Interest of I.M. and K.M.</u>, Case No. 2007-50042 in the District Court 310th Judicial District, Harris County, Texas. And also, party to a case before this court styled as Gary Machetta, In the Interest of I.M. And K.M., Case No. 4:16-CV-02377.

32) Plaintiffs have suffered injury do to Judge Millard's failure to take actions to protect the fundamental rights of the parties in the suit and through her failure to provide constitutional protections to Plaintiffs' rights before issuing prior restraints.

33) In 2011, the SAPCR mother of the children filed false and frivolous lawsuits in order to gain custody of the children upon her return to town after an absence of two years in which she rarely saw the children. The SAPCR mother is known to falsely accuse father's family as a tool to harass and abuse the father and his family and the children. The Motion to Reconsider the Modification hearing in 2011 shows that the evidence presented in that hearing revealed that the mother continuously accused the paternal grandfather of sexual allegations. See Exhibit "E" – Motion For New Trial 2011. The record shows that the mother was unwilling to drop those claims even after a court-appointed amicus attorney and a mental health expert had shown that her claims were unfounded. The State District Court in their 2011 court order sanctioned the mother for the expense the father had to spend defending against these false claims in the form of ordering the mother to put $50,000.00 into a college fund for the children, I.M. and K.M. The mother has never accepted that she was divorced. In fact, the father was asked to attend a church event where he walked in to hear the Defendant being introduced as the wife of Gary Machetta years after the final divorce date in 2008. At the end of 2013 or

early 2014 the SAPCR mother took the children to a Filipino event that she was speaking at and was again introduced as the wife of Gary Machetta. This was approximately 6 months prior to his marriage to D'Renda Machetta and 6 years after her divorce from the Plaintiff. When the father got involved with his current wife, the mother of the children began to make false sexual allegations against Dougles in an effort to cause problems for the couple. When confronted about the allegations, the mother was unable to prove or provide any evidence that remotely supported her claims. After hiring a Forensics Specialist to pull the text from the accused phone, it was again proven that her sexual allegations were false.

34) The mother's request to be made primary residential parent in 2011 was denied.

35) It is believed that the mother from her history and pattern will continue this pursuit through the state courts as long as her false allegations continue to allow her to violate Plaintiffs' rights, without fear of the state court applying proper procedural protections for the rights at issue.

## JOINDER OF CASES

36) To the extent that the case styled as <u>Gary Machetta, In the Interest of I.M. And K.M., Case No. 4:16-CV-02377</u> survives standing and jurisdictional challenges, Plaintiffs request this court consider joining these cases.

## COMPLAINTS

### COMPLAINT 1

### *REQUEST FOR IMMEDIATE INJUNCTION AGAINST PRIOR RESTRAINTS ON SPEECH, WORSHIP, AND ASSOCIATION*

37) Federal precedent regarding prior restraints on speech, worship, and association have been well-established for a very long time. It is unreasonable for any state court judge to be unfamiliar with the procedural protections required before a prior restraint may be ordered. Judge Millard was directly informed of the well-established federal and state precedent on this issue and has refused to follow that precedent in any meaningful way whatsoever.

38) The younger Plaintiff child and the older SAPCR child attend the same school and are often in the same classrooms. Any prior restraint committed to writing and signed by Judge Millard creates a risk that one or both of these minor children will be in contempt of court or in the alternative the school or school district may be held to blame for violating the injunction. It is reasonable to expect that the school might take significant action that would impair one or both children's school activities and school associations. It is not inconceivable that a school official fearing contempt may bar one or both children from attending school until these issues are clarified.

39) Plaintiffs' seek immediate injunctive relief barring Judge Millard from continuing current restraints or placing further prior restraints on Plaintiffs' speech, worship, or association.

## COMPLAINT 2
### *WHAT CONSTITUTIONAL GUARANTEES ARE AFFORDED SPEECH, WORSHIP, AND ASSOCIATION BETWEEN STEP-SIBLINGS*

40) Family associations are protected by the 1st and 14th Amendments as intimate and expressive relationships of the highest order. The Machetta parents in this instance have exercised their individual and joint privacy rights to establish a home and to raise up their children together in a nuclear family arrangement where the family shares close daily interactions that include daily worship activities. To the degree that the parents have exercised their fundamental rights to establish this family unit, what rights and constitutional guarantees accrue to the individual family units consisting of each child with each other child and what deference to these private family units is required of state court judges in SAPCR proceedings?

41) Plaintiffs request injunctive relief issue to require state court judges to provide those constitutional guarantees before infringing this private family realm.

## RELIEF REQUESTED

42) Plaintiffs Pray for immediate injunctive relief from prior restraints to remove the uncertainty and potential disruption to the education of the minor children whose rights are at issue in these proceedings, to the speech between siblings, to the shared worship between siblings, and to all other intimate and expressive associational interests shared between the children.

43) Plaintiffs Pray that declaratory judgments be issued as requested herein.

44) Plaintiffs pray for a temporary and permanent injunction, restraining Defendants, their agents, and successors from making orders that violate the rights

declared, that costs be taxed against the Defendants and for such further relief, at law or in equity, to which Plaintiffs may be entitled.

45) Plaintiffs Pray for attorney's fees and for expert fees under 42 U.S.C. § 1988 and § 1981, and all other costs to be taxed against defendants.

46) Plaintiffs Pray for all other relief allowed under law.

Respectfully Submitted,

*D'Renda Machetta*

D'Renda Machetta
Pro Se, Plaintiff
Phone: 281-798-7555
Fax: None
Email: Machettadrenda@yahoo.com
20530 Rosespring Lane
Spring, TX 77397

*Dougles Syzdek*

Dougles Syzdek
Pro Se, Plaintiff
Phone: 713-825-4171
Fax: None
Email: DouglesSyzdek@rocketmail.com
20530 Rosespring Lane
Spring, TX 77397

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Date of signing: 2/21/2017

Signature of Plaintiff: *D'Renda Machetta*

Printed Name of Plaintiff: D'Renda Machetta, In the Interest of M.S.

Date of signing: 2/21/2017

Signature of Plaintiff: _____

Printed Name of Plaintiff: Dougles Syzdek

## **FOR PARTIES WITHOUT AN ATTORNEY**

I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 2/21/2017

Signature of Plaintiff: _D'Renda Machetta_

Printed Name of Plaintiff: D'Renda Machetta, In the Interest of M.S.

Date of signing: 2/21/2017

Signature of Plaintiff: _____

Printed Name of Plaintiff: Dougles Syzdek

## CERTIFICATE OF SERVICE

Plaintiffs certify that a copy of the foregoing with a waiver of service form will be served on Judge Lisa A. Millard by return receipt postal mail to:

Judge Lisa A. Millard
Harris County Civil Courthouse
201 Caroline, 15th Floor
Houston, Texas 77002

_D'Renda Machetta_
D'Renda Machetta
Pro Se, Plaintiff

_Douglas Syzdek_
Douglas Syzdek
Pro Se, Plaintiff