UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| D'RENDA MACHETTA, *et al*, § § Plaintiffs, § VS. § CIVIL ACTION NO. 4:17-CV-00571 § THE HONORABLE LISA A MILLARD, § § Defendant. § | |

### ORDER AND OPINION

Before the Court are Defendant's Motion to Dismiss (Document No. 4), Plaintiffs' Response to Defendant's Motion to Dismiss (Document No. 6), and Defendant's Reply to Plaintiffs' Response to Defendant's Motion to Dismiss (Document No. 8). After considering the pleadings and the applicable law, the Court concludes that Defendant's Motion to Dismiss (Document No. 4) should be granted.

#### BACKGROUND

The plaintiffs in this action are D'Renda Machetta, M.S., and Dougles Syzdek (collectively "Plaintiffs").[1] Dougles and M.S. are D'Renda's children from a previous marriage. Dougles is an adult, and M.S. is a minor. D'Renda is currently married to Gary Machetta. In 2008, Gary and his previous wife, Arlene Machetta, divorced. In 2011, Gary and Arlene were declared joint-managing conservators of their two minor children (the "Minors") with each parent entitled to possession of the children 50% of the time. While the Minors were in Gary's possession, they lived in the same home with Plaintiffs.

This case arises out of a child custody dispute, involving allegations that, for more than a year, D'Renda's adult son, Dougles, sexually abused one of the Minors while she was in Gary's

---

[1] Because several of the persons involved in this case share the same family name, the Court will refer to all individuals, with the exception of Judge Millard, by their first names.

custody. The case also involves allegations that D'Renda's minor daughter, M.S., exposed the Minors to internet pornography. Defendant in this action is the Honorable Judge Lisa A. Millard, Judge of the 310th Judicial District Court of Harris County, Texas, who presides over the Suit Affecting the Parent-Child Relationship (SAPCR) proceedings and has continuing jurisdiction over cases related to the Minors' custody. Document No. 1 at 3.

On July 8, 2016, Gary's minor daughter allegedly informed her mother that Dougles had been sexually abusing her for over a year while Gary was present at the home and aware of this abuse. Arlene filed an emergency motion for a Temporary Restraining Order (TRO) and hearing in the SAPCR to modify the child custody order, which otherwise would have allowed Gary to obtain custody for an extended summer vacation beginning on July 18, 2016, three days after the filing. Without a hearing, the state court entered a TRO, restraining Gary from visitation until an investigation could be undertaken and completed.

Gary filed a motion to dissolve the TRO and requested a hearing. Within a week, Judge Moren, Associate Judge for the 310th Judicial District Court, held a hearing, denied Gary's motion, and extended the temporary restraining order for another twenty-eight days. Thereafter, Judge Millard held a hearing over several days and issued temporary orders granting Gary only a possessory right to the Minors and only under supervision. Judge Millard further ordered that neither of the Minors were allowed to be in the presence of or have contact with Dougles at any time.

A bench trial was held on the merits of the case on January 18, 2017, and on April 13, 2017, Judge Millard issued her Findings of Fact and Conclusions of Law. Document No. 7-1 at 2. Judge Millard also signed a final custody order incorporating most of the temporary orders, but further ordering that the Minors were not allowed to be in the presence of or have contact

with Dougles or M.S. at any time.

In this case, Plaintiffs seek a declaration that certain federal constitutional rights under the First Amendment apply in a SAPCR proceeding.[2] Document No. 1 at 15. Plaintiffs seek a declaratory judgment to determine what procedures are necessary to protect their rights in the SAPCR in future proceedings. Document No. 1 at 15. Plaintiffs further seek to enjoin Judge Millard from enforcing the injunction prohibiting Gary and Arlene from allowing the Minors to contact or see Dougles and M.S. Document No. 1 at 14. Judge Millard filed a motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim.

## STANDARD OF REVIEW

"Dismissals pursuant to Rule 12(b)(6) are appropriate where 'it appears beyond doubt that the plaintiff can provide no set of facts in support of his claim which would entitle him to relief.'" *Bauer v. Texas*, 341 F.3d 352, 356 (5th Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). In making this determination, the Court takes all well-pleaded facts in the Complaint as true and draws all reasonable inferences in the plaintiff's favor. *See Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). "Dismissal is improper 'if the allegations support relief on any possible theory.'" *Id.* (quoting *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994)). The Court "employ[s] the same standard in reviewing dismissals for lack of subject matter jurisdiction under Rule 12(b)(1)." *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

## DISCUSSION

Before this Court can address any of the merits of this case,[3] it must determine whether it

---

[2] These rights include their First Amendment right to associate with the Minors, engage in free speech with the Minors, and engage in religious worship with the Minors.
[3] The Court declines to address sections I–III of the Motion to Dismiss. Based on the Court's decision, sections I and II are moot. The Court is unsure what Judge Millard's counsel is arguing or requesting in section III.

has subject matter jurisdiction. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("When a Rule 12(b)(1) motion to dismiss in filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam))). "Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.* (*In re FEMA*), 668 F.3d 281, 286 (5th Cir. 2012).

### A. The Rooker-Feldman *Doctrine*

Judge Millard seems to make an argument that the *Rooker-Feldman* doctrine applies to deprive the Court of jurisdiction over this case.[4] Under the doctrine articulated by the Supreme Court of the United States in *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), "lower federal courts lack jurisdiction to review state court judgments when the constitutional claims are 'inextricably intertwined' with the challenged state court judgment." *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 350 (5th Cir. 2003) (quoting *Feldman*, 460 U.S. at 483 n.16). The *Rooker-Feldman* doctrine, however, does not apply in this case.

While Plaintiffs' constitutional claims are certainly "inextricably intertwined" with Judge Millard's judgment, Plaintiffs were not parties to the SAPCR. The Supreme Court has "held *Rooker-Feldman* inapplicable where the party against whom the doctrine is invoked was not a party to the underlying state-court proceeding." *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (citing *Johnson v. De Grandy*, 512 U.S. 997, 1006 (1994)). Accordingly, application of the

---

[4] Document No. 4 at 9–12. In the motion to dismiss, Judge Millard's counsel copies and pastes several decisions from other courts that have dismissed cases based on the *Rooker-Feldman* doctrine. The Court assumes that counsel was attempting to make an argument based on *Rooker-Feldman*. Regardless, all of those cases are distinguishable and the doctrine does not apply here.

*Rooker-Feldman* doctrine would be inappropriate in this case.

### B. The Domestic Relations Exception

Judge Millard further argues this case should be dismissed because the domestic relations exception applies. Document No. 4 at 15–17. "[U]nder the domestic-relations exception, federal courts lack jurisdiction to 'issue divorce, alimony, and child custody decrees.'" *Estate of Merkel v. Pollard*, 354 F. App'x 88, 92 (5th Cir. 2009) (per curiam) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)). The exception, however, does not apply to actions that arise under the Court's federal question jurisdiction. *Id.*; *see United States v. Bailey*, 115 F.3d 1222, 1231 (5th Cir. 1997) ("The domestic relations exception obtains from the diversity jurisdiction statute, . . . and therefore it has no application where, as here, there exists an independent basis for federal jurisdiction."). Plaintiffs filed this case alleging federal constitutional violations under 28 U.S.C. § 1983; therefore, this case falls under the Court's federal question jurisdiction and the domestic relations exception does not apply.

### C. Abstention

The Court, however, will abstain from interfering with the underlying state court proceedings under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37, 40–41 (1971). Under *Younger*, the Court lacks jurisdiction to consider a case involving (1) "ongoing criminal prosecutions," (2) "certain 'civil enforcement proceedings,'" and (3) "pending 'civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 591 (2013) (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans* (*NOPSI*), 491 U.S. 350, 368 (1989)). "*Younger* established that federal courts should not [consider these types of cases] unless the plaintiff shows 'bad faith, harassment, or any other unusual circumstances that would

call for equitably relief,' such as a 'flagrantly and patently' unconstitutional state statute." *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016) (quoting *Younger*, 401 U.S. at 53–54). This is in line with general principles of federalism because "such interference . . . results in duplicative legal proceedings, and can readily be interpreted as reflecting negatively upon the state courts' ability to enforce constitutional principles." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975) (internal quotations and citations omitted).

If the case falls into one of the three *Younger* categories, then the Court must consider whether "(1) the federal proceeding would interfere with an 'ongoing state judicial proceeding'; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (quoting *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). If all three conditions are met, then the Court must decline to exercise jurisdiction. *Id.*

Plaintiffs argue that *Younger* abstention is inappropriate because the case does not involve an ongoing criminal prosecution, a civil enforcement proceeding, or a civil proceeding involving certain orders that are uniquely in furtherance of the state court's ability to perform its judicial function. Document No. 1 at 9–10. The Court disagrees. This case clearly falls within the third exceptional circumstance warranting *Younger* abstention. "Family relations are a traditional area of state concern." *Moore v. Sims*, 442 U.S. 415, 435 (1979). A state court's ability to make child custody determinations is particularly integral to the state's ability to perform its judicial functions under the Texas Family Code. Because this case implicates one of the most important of a state court's judicial functions—its ability to determine the "best interest of the child"—this case falls into one of the exceptional circumstances where *Younger* abstention is appropriate.

The Court must next consider the three *Middlesex* conditions. *See Tex. Ass'n of Bus. v. Earle*, 338 F.3d 515, 519 (5th Cir. 2004). The Court first considers whether ruling in Plaintiffs' favor would interfere with ongoing state proceedings. When determining whether there is an ongoing state proceeding in the case, the Court looks only to whether there was an ongoing proceeding at the time the federal complaint was filed. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17–18 (1987) (recognizing that much had transpired in the case since it was filed in federal court, but only considering the posture of the case as of December 10, 1985, when the case was filed in federal court); *Morkel v. Davis*, 513 F. App'x 724, 727–28 (10th Cir. 2013) ("[T]he record reflects that the state custody proceedings were ongoing when Morkel filed her federal lawsuit."); *DeSpain v. Johnston*, 731 F.2d 1171, 1178 (5th Cir. 1984) ("The initial frame of reference for abstention purposes is the time that the federal complaint is filed. If a state action is pending at this time, the federal action must be dismissed."). Here, Plaintiffs acknowledge in their complaint that the state proceedings were ongoing when the complaint was filed. Document No. 1 at 10. "'In order to decide whether the federal proceeding would interfere with the state proceeding, [the Court looks] to the relief requested and the effect it would have on the state proceedings.'" *Bice*, 677 F.3d at 717 (quoting *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003)). Plaintiffs are essentially asking this Court to review Judge Millard's injunction and enjoin it. This would substantially interfere with the ongoing state proceedings.

The second *Middlesex* condition is also satisfied. The second condition asks whether an important state interest is involved in the case. *Middlesex*, 457 U.S. at 432. This case involves the state's interest in child custody proceedings. Cases such as this one are particularly appropriate for abstention. "[T]here is perhaps no state administrative scheme in which federal court intrusions are less appropriate than domestic relations law." *DuBroff v. DuBroff*, 833 F.2d

557, 561 (5th Cir. 1987); *see also Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12–13 (2004) ("[I]n general, it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts."); *Mansell v. Mansell*, 490 U.S. 581, 587 (1989) ("[D]omestic relations are preeminently matters of state law . . . ."); *Ex parte Burrus*, 136 U.S. 586, 593–94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States."); *DeSpain*, 731 F.2d at 1179–80 (holding that the second *Middlesex* condition was satisfied in case involving investigation into child abuse allegations). Because this case involves a state court's child custody determinations, this case implicates important state interests.

Finally, the Court must determine whether Plaintiffs had an adequate opportunity to raise their constitutional challenges in the underlying proceeding. *Tex. Ass'n of Bus.*, 388 F.3d at 521. The Supreme Court has held that "Texas law is . . . as accommodating as the federal form" when considering constitutional claims. *Moore*, 442 U.S. at 425. While it is true that Plaintiffs were not parties to the underlying proceeding, under Texas law, they were able to intervene in the proceeding and raise their constitutional issues with the state court. Under Texas Rule of Civil Procedure 60, "[a]ny party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." TEX. R. CIV. P. 60. However, Plaintiffs have not attempted to present their constitutional claims to the state court. "[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co.*, 481 U.S. at 15.

Plaintiffs bore the burden of establishing that Texas law barred presentation of their constitutional claims in state court. *See id.* at 14 ("[T]he burden on this point rests on the federal

plaintiff to show 'that state procedural law barred presentation of [its] claims.'" (quoting *Moore*, 442 U.S. at 432)). Because they have failed that burden, the Court is "unwilling to conclude that state processes are unequal to the task of accommodating the various interests and deciding the constitutional questions that may arise in child-welfare litigation." *Moore*, 442 U.S. at 435.

## CONCLUSION

The Court, after considering the motions and responses filed by the parties, concludes, for the reasons set forth above, that Defendant's Motion to Dismiss should be granted. Because all elements requiring abstention under the Supreme Court's decision in *Younger v. Harris* are present, the Court lacks jurisdiction over the issues presented in this case. Accordingly, it is hereby

ORDERED that Defendant's Motion to Dismiss (Document No. 4) is GRANTED. The case is therefore DISMISSED WITHOUT PREJUDICE.[5]

SIGNED at Houston, Texas, this 5th day of March, 2018.

                      MELINDA HARMON
               UNITED STATES DISTRICT JUDGE

---

[5] "When a complaint is dismissed for lack of jurisdiction (including lack of standing), dismissal ordinarily should be without prejudice." *Crenshaw-Logal v. City of Abilene*, 436 F. App'x 306, 310 (5th Cir. 2011) (per curiam); *see also Gibson v. United States*, 809 F.3d 807, 811 (5th Cir. 2016) ("When there is no jurisdiction, the district court should dismiss the suit without prejudice so that the plaintiffs may pursue a claim in a court that has jurisdiction.").